UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Federal Election Commission, Joe Biden, Donald Trump, | C/A No. 6:20-cv-3839-JMC-JDA |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION** |
| Jacob Baker, | |
| Defendant. | |

Jacob Baker ("Baker") proceeding pro se, brings this civil action against the Federal Election Commission, Joe Biden, and Donald Trump, who are identified as "Plaintiffs" in this action. [Doc. 1 at 2.] Baker is a non-prisoner litigant, and he files this action in forma pauperis under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B) D.S.C., the undersigned Magistrate Judge is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Upon review, the undersigned concludes that this action is subject to summary dismissal for the reasons below.

**BACKGROUND**

Baker makes the following allegations in his Complaint, which is difficult to decipher. [Doc. 1.] Baker purports to bring his claims under the laws, treaties, and Constitution of the United States, and he cites various statutes and constitutional provisions. [*Id*. at 3.] Baker appears to seek damages in the amount of $2 million for purported violations of his rights. [*Id*. at 5.] Baker contends his claim arises from the "[c]onstruction and application of mandatory stay provision of [the] Federal Arbitration Act." [*Id*.] Although Baker's

allegations are unclear, he appears to assert that he has been harmed by the American Government and that his efforts to file cases in court have been hampered. [*Id.*] Baker also appears to contend that he would have won the presidential election had he been placed on the ballot. [Doc. 5 at 1.] Baker's remaining allegations are unintelligible.

## STANDARD OF REVIEW

Baker filed this action pursuant to 28 U.S.C. § 1915, the in forma pauperis statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, "[t]he Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with prejudice *sua sponte*." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indust., Inc.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty., Va.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

Because Baker is a pro se litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se Complaint is subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which a plaintiff could prevail, it should do so,

but the Court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct a plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Although the Court must liberally construe the pro se pleadings and Baker is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact); *cf. Skinner v. Switzer*, 562 U.S. 521 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014). A complaint must contain factual allegations, otherwise the claim is nothing more than a bare assertion and frivolous. *See White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (stating minimum level of factual support required); *Cook v. Kraft Foods Global, Inc.*, 184

F. App'x 348, at *1 (4th Cir. June 8, 2006) ("[W]hile the liberal pleading requirements of [Federal Rule of Civil Procedure] 8(a) demand only a short and plain statement of the claim, a plaintiff must often offer more detail than the bald statement that he has a valid claim of some type against the defendants.") (citation omitted).

## DISCUSSION

It is unclear from the allegations in the Complaint what causes of action Baker intends to assert in this action. Nevertheless, upon review, the undersigned concludes that this action is subject to dismissal for the reasons below.[1]

As an initial matter, the undersigned notes that this action is duplicative of prior actions filed in this Court, which were dismissed as frivolous and for failure to state a claim, and the present action is subject to dismissal on that basis alone.[2] Specifically, Baker filed an action on October 28, 2016, in this Court, against some of the same Plaintiffs in the present action and making identical claims. *See Baker v. Federal Election Commission*, No. 6:16-cv-3522-JMC-JDA (D.S.C. Oct. 28, 2016) ("*Baker I*"), Doc. 1. By Order dated August 1, 2017, the Honorable J. Michelle Childs adopted the Report and Recommendation of the undersigned Magistrate Judge, and summarily dismissed the

---

[1]The undersigned further questions whether the Court has subject matter jurisdiction over this action. Although Baker cites various federal statutes and the United States Constitution, the undersigned finds that he presents no allegations to state a claim for relief under any statutory or constitutional provision. As such, it does not appear that the Court has federal question jurisdiction over this action.

[2]The Court takes judicial notice of Baker's prior actions filed in this Court at case numbers 6:12-cv-02871, 6:12-cv-3154, 6:12-cv-3221, 6:13-cv-1280, 8:14-cv-0113, and 6:16-cv-3522. *See Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

case. *Baker I*, Doc. 32. Additionally, Baker filed an action on November 1, 2012, in this Court, against some of the same Plaintiffs in the present action and making identical claims. *See Baker v. Federal Election Commission*, No. 6:12-cv-3154-JMC-JDA (D.S.C. Nov. 1, 2012) ("*Baker II*"), Doc. 1. By Order dated January 29, 2013, the Honorable J. Michelle Childs adopted the Report and Recommendation of the undersigned Magistrate Judge, and summarily dismissed the case. *Baker II*, Doc. 28.

Baker's Complaint filed in the present case raises claims identical to those raised in his prior actions, and his alleged injuries and requested relief in all of the cases are identical. As such, Baker is attempting to re-assert the same claims under the same facts as his prior cases. Because the present action is duplicative of other cases filed by Baker, this action warrants dismissal. "[R]epetitious litigation of virtually identical causes of action may be dismissed under 28 U.S.C. § 1915 as frivolous." *Paul v. de Holczer*, No. 3:15-cv-2178-CMC-PJG, 2015 WL 4545974, at *6 (D.S.C. July 28, 2015) (holding the "Complaint should be summarily dismissed as a frivolous duplicate filing in the interest of judicial economy and efficiency"), *aff'd*, 631 F. App'x 197 (4th Cir. Feb. 4, 2016). The Fourth Circuit Court of Appeals has instructed that, "[b]ecause district courts are not required to entertain duplicative lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e)." *Cottle v. Bell*, 229 F.3d 1142, 2000 WL 1144623, at *1 (4th Cir. Aug.14, 2000) (unpublished table decision) (citing *Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1992) ("district courts may dismiss duplicative complaints under section 1915")); *Wilkins v. Harley*, Case No. 6:11-cv-3463-MBS-KFM, 2012 WL 256566, at *2 (D.S.C. Jan. 12, 2012) ("this duplicate § 1983 Complaint is frivolous and subject to summary dismissal"), *Report and*

5

*Recommendation adopted by* 2012 WL 260159 (D.S.C. Jan. 27, 2012). Therefore, in the interests of judicial economy and efficiency, because the present action is a meritless duplicate of prior lawsuits filed by Baker, the present case is frivolous and subject to summary dismissal. *See Lester v. Perry Corr. Inst.*, No. 4:12-cv-971-TMC-TER, 2012 WL 1963592, at *3 (D.S.C. May 10, 2012), *Report and Recommendation adopted by* 2012 WL 1963566 (D.S.C. May 31, 2012), *aff'd*, 479 F. App'x 509 (4th Cir. 2012); *see also Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

Additionally, this case may be dismissed for failure to state a claim on which relief may be granted. Because it appears that Baker is seeking money damages for a violation of his civil rights, this case may be construed as an action pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 397 (1971). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Upon review, the Complaint does not satisfy the first element of a § 1983 claim. Baker does not plausibly allege any facts to suggest that his rights under the Constitution or a federal law were violated. Thus, he fails to state a claim on which relief may be granted.

Baker also fails to state a claim on which relief may be granted because he cannot sue a federal agency, the FEC, pursuant to a *Bivens* claim.  *See FDIC v. Meyer*, 510 U.S. 471, 484–86 (1994).  The FEC is the agency of the United States government empowered to administer, interpret, and civilly enforce the Federal Election Campaign Act of 1971. *See, e.g., Fed. Election Comm'n v. Am. Int'l Demographic Serv., Inc.*, 629 F. Supp. 317 (E.D. Va. 1986).  However, the FEC is not a proper party in a *Bivens* action.

Lastly, although the federal Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq*., in certain circumstances entitles a person to judicial review of a legal wrong suffered because of federal agency action, in this case Baker fails to allege a plausible claim for review.  *See* 5 U.S.C. § 702.  Importantly, he does not plausibly allege that the FEC took any specific action with respect to him.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court **dismiss** this action without issuance and service of process.[3]

**IT IS SO RECOMMENDED**.

s/Jacquelyn D. Austin  
United States Magistrate Judge

November 6, 2020  
Greenville, South Carolina

***Plaintiff's attention is directed to the important notice on the next page.***

---

[3]The undersigned finds that Baker cannot cure the defects in his Complaint by mere amendment and therefore recommends that the instant action be dismissed without affording Baker an opportunity to amend.  *See Thomas v. Drive Auto. Indus. of Am., Inc.*, No. 6:18-cv-169-AMQ, 2018 WL 5258811, at *2 (D.S.C. July 25, 2018) (declining to automatically give plaintiff leave to amend because plaintiff could not cure the defects in his claims against defendant by mere amendment), *Report and Recommendation adopted by* 2018 WL 5255183 (D.S.C. Oct. 22, 2018).

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).