IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Federal Election Commission, Joe Biden, and Donald Trump, | ) ) ) | Civil Action No.: 6:20-cv-03839-JMC |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ORDER AND OPINION** |
| Jacob Baker, | ) ) ) | |
| Defendant. | ) ) | |

Jacob Baker initiated this action against the Federal Election Commission ("FEC"), current President Joe Biden, and former President Donald Trump seeking monetary damages in the amount of $2,000,000.00 for unspecified violations. (*See* ECF No. 1.)

The matter is before the court for review of the Magistrate Judge's Report and Recommendation issued in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.). (ECF No. 10.) Specifically, on November 10, 2020, the Magistrate Judge recommended that the court "dismiss this action without issuance and service of process." (*Id.* at 7.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation and dismisses this action.

I.     **BACKGROUND**

The facts of this matter are discussed in the Report and Recommendation. (*See* ECF No. 10 at 1–2.) The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual summation is accurate and incorporates it by reference.

On November 3, 2020, Baker initiated the instant action in this court by filing a form Complaint with the particulars specified in mostly illegible handwriting. (*See* ECF No. 1.) On

November 6, 2020, the Magistrate Judge issued the aforementioned Report recommending that the court dismiss the action. (ECF No. 10 at 7.)

## II.     LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to for clear error, including those portions to which only "general and conclusory" objections have been made. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Baker is a pro se litigant and his Complaint is afforded liberal construction so as to give him an opportunity to have a claim stated where his alleged facts would merit one. *Erickson v. Pardus*, 551 U.S. 89, 94 (2014). A pro se complaint, regardless of how inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 11 (1976).

## III.     ANALYSIS

A.     <u>The Magistrate Judge's Review</u>

In the Report, the Magistrate Judge addressed the inherent difficulty in reading Baker's Complaint and determining what are his allegations and claims. (ECF No. 10 at 1–2, 4.) Nevertheless, the Magistrate Judge was able to comprehend enough of Baker's Complaint to

2

determine that the instant action "is duplicative of prior actions filed in this [c]ourt [by Baker], which were dismissed as frivolous and for failure to state a claim, . . . ." (*Id.* at 4 (citing, *e.g.*, *Baker v. F.E.C.*, No. 6:16-cv-3522-JMC-JDA, ECF No. 1 (D.S.C. Oct. 28, 2016); *Baker v. F.E.C.*, No. 6:12-cv-3154-JMC-JDA, ECF No. 1 (D.S.C. Nov. 1, 2012)).) In this regard, the Magistrate Judge concluded that because Baker appears to be reasserting claims alleged in his prior lawsuits, the court has the discretion pursuant to 28 U.S.C. § 1915 to summarily dismiss this matter "in the interests of judicial economy and efficiency." (ECF No. 10 at 5–6.) However, even if the court does not agree with this outcome, the Magistrate Judge further observed that Baker's Complaint should also be dismissed because its allegations fail to state a claim for relief against either the FEC as an agency of the United States or under 42 U.S.C. § 1983 or the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701–706. (ECF No. 10 at 6–7 (citations omitted).)

B.     No Objections by Baker

The Magistrate Judge advised the parties of their right to file specific written objections to the Report within fourteen (14) days of the date of service or by November 20, 2020. (ECF No. 10 at 8 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)).) However, none of the parties filed any objection before the deadline.

In the absence of a timely objection to the Magistrate Judge's Report, the court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting an advisory committee note on Fed. R. Civ. P. 72). Furthermore, failure to file specific written objections to the Report results in a party's

waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After conducting a thorough review of the Report and record in this case, the court concludes that the Report provides an accurate summary of the facts and law and does not contain any clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 10), and **DISMISSES** the Complaint in this action without issuance and service of process.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 2, 2021
Columbia, South Carolina